IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

MIRANDA N. COWAN                                                                            PLAINTIFF

v.                                        4:18cv00668-BSM-JJV

NANCY A. BERRYHILL,
Acting Commissioner,
Social Security Administration,                                                          DEFENDANT

# PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

## INSTRUCTIONS

This recommended disposition has been submitted to Chief United States District Judge Brian S. Miller. The parties may file specific objections to these findings and recommendations and must provide the factual or legal basis for each objection. The objections must be filed with the Clerk no later than fourteen (14) days from the date of the findings and recommendations. A copy must be served on the opposing party. The district judge, even in the absence of objections, may reject these proposed findings and recommendations in whole or in part.

## RECOMMENDED DISPOSITION

Plaintiff, Miranda Cowan, has appealed the final decision of the Commissioner of the Social Security Administration to deny her claim for disability insurance benefits. Both parties have submitted briefs and the case is ready for a decision.

A court's function on review is to determine whether the Commissioner's decision is supported by substantial evidence on the record as a whole and free of legal error. *Slusser v.*

*Astrue*, 557 F.3d 923, 925 (8th Cir. 2009); *Long v. Chater*, 108 F.3d 185, 187 (8th Cir. 1997); *see also* 42 U.S.C. §§ 405(g), 1383(c)(3). Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Reynolds v. Chater*, 82 F.3d 254, 257 (8th Cir. 1996).

In assessing the substantiality of the evidence, courts must consider evidence that detracts from the Commissioner's decision as well as evidence that supports it; a court may not, however, reverse the Commissioner's decision merely because substantial evidence would have supported an opposite decision. *Sultan v. Barnhart*, 368 F.3d 857, 863 (8th Cir. 2004); *Woolf v. Shalala*, 3 F.3d 1210, 1213 (8th Cir. 1993). After careful review of the pleadings and evidence in this case, I find the Commissioner's decision is supported by substantial evidence and recommend the Complaint be DISMISSED.

Plaintiff is young – only thirty-five years old. (Tr. 89.) She has an eleventh-grade education (*id.*) and past relevant work as a nurse assistant. (Tr. 44.)

The ALJ[1] found Ms. Cowan had not engaged in substantial gainful activity since June 15, 2015 - the alleged onset date. (Tr. 38.) She has "severe" impairments in the form of "spine disorder; migraine; affective disorder; and anxiety disorder." (*Id.*) The ALJ further found Ms. Cowan did not have an impairment or combination of impairments meeting or equaling an

---

[1]The ALJ followed the required sequential analysis to determine: (1) whether the claimant was engaged in substantial gainful activity; (2) if not, whether the claimant had a severe impairment; (3) if so, whether the impairment (or combination of impairments) met or equaled a listed impairment; and (4) if not, whether the impairment (or combination of impairments) prevented the claimant from performing past relevant work; and (5) if so, whether the impairment (or combination of impairments) prevented the claimant from performing any other jobs available in significant numbers in the national economy. 20 C.F.R. §§ 416.920(a)-(g) and 404.1520(a)-(g).

impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1.[2] (Tr. 38-40.)

The ALJ determined Ms. Cowan had the residual functional capacity to perform a reduced range of light work given her physical and mental impairments. (Tr. 40.) Given her residual functional capacity, the ALJ determined Plaintiff could no longer perform her past relevant work. (Tr. 43-44.) The ALJ called upon on a vocational expert to help determine if Ms. Cowan could perform substantial gainful activity given her residual functional capacity. (Tr. 113-117.) Based in part on the vocational expert's testimony, the ALJ concluded Plaintiff could perform the jobs of content inspector, mailroom clerk, and warehouse checker. (Tr. 44-45.) Accordingly, the ALJ determined Ms. Cowan was not disabled. (Tr. 45.)

The Appeals Council received additional evidence and denied Plaintiff's request for a review of the ALJ's decision, making his decision the final decision of the Commissioner. (Tr. 1-28.) Plaintiff filed the instant Complaint initiating this appeal. (Doc. No. 2.)

In support of her Complaint, Plaintiff says, *inter alia*, the ALJ erred in failing to find her seizure disorder was a "severe" impairment. (Doc. No. 11 at 5, 9-10.) Plaintiff correctly argues, "There is very little discussion of the seizure disorder in the ALJ's written decision." (*Id*. at 9.) However, there is also very little evidence to support Plaintiff's argument here. A "severe" impairment is one that significantly limits a claimant's physical or mental ability to do basic work activities. *Gwathney v. Chater*, 104 F.3d 1043, 1045 (8th Cir. 1997); *Browning v. Sullivan*, 958 F.2d 817, 821 (8th Cir. 1992); 20 C.F.R. § 416.920(c) (2007). It has "more than a minimal effect on the claimant's ability to work." *Hudson v. Bowen*, 870 F.2d at 1396; *accord, Kirby v. Astrue*, 500 F.3d 705, 707 (8th Cir. 2007); *Page v. Astrue*, 484 F.3d 1040, 1043 (8th Cir. 2007).

    (a)   *Non-severe impairment(s).*   An impairment or combination of

---

[2] 420 C.F.R. §§ 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925, and 416.926.

3

impairments is not severe if it does not significantly limit your physical or mental ability to do basic work activities.

(b) *Basic work activities.* When we talk about basic work activities, we mean the abilities and aptitudes necessary to do most jobs. Examples of these include--

(1) Physical functions such as walking, standing, sitting, lifting, pushing, pulling, reaching, carrying or handling;

(2) Capacities for seeing, hearing, and speaking;

(3) Understanding, carrying out, and remembering simple instructions;

(4) Use of judgment;

(5) Responding appropriately to supervision, co-workers and usual work situations; and

(6) Dealing with changes in a routine work setting.

20 C.F.R. §§ 404.1521 and 416.921 (2007).

Although Plaintiff was diagnosed as having seizure disorder, (Tr. 56), the medical evidence fails to show it impacted her ability to work in any way. It appears the ALJ focused on Plaintiff's complaints of migraines rather than on her seizure disorder. The ALJ's focus appears proper given the record. For example, Ms. Cowan did not report any seizure disorder as a disabling impairment when applying for benefits. (Tr. 120.) Rather, Plaintiff reported her migraines were disabling – an impairment the ALJ concluded was "severe." (Tr. 38.) Furthermore, at the administrative hearing, Ms. Cowan was asked if there were any other problems the ALJ should know about and she testified, "Seizures with the migraines." (Tr. 90.) Subsequently, the ALJ requested a consultative examination from her treating neurologist, David Oberlander, M.D. (Tr. 943-948.) Dr. Oberlander reported, "Examination is relatively unremarkable. . . ." (Tr. 945.) Accordingly, I find the ALJ could rightly determine Plaintiff's seizure disorder was not a severe impairment.

Plaintiff also argues the ALJ erred in his Step Three listings analysis. (Doc. No. 11 at 5-9.) A claimant has the burden of proving her condition meets or equals an impairment listed in Appendix 1. 20 C.F.R. §§ 416.925(d) and 404.1525(d) (1997); *Roth v. Shalala*, 45 F.3d 279, 282

4

(8th Cir. 1995); *see Marciniak v. Shalala*, 49 F.3d 1350 (8th Cir. 1995). The claimant must provide medical findings that support each of the criteria for the equivalent impairment determination. *Selders v. Sullivan*, 914 F.2d 614, 619 (5th Cir. 1990). For a claimant to show that her impairment matches a listing, it must meet all of the specified medical criteria. *Marciniak*, 49 F.3d at 1353. An impairment that manifests only some of those criteria, no matter how severely, does not qualify. *Id*. Here, I fully agree with the Commissioner's arguments that the medical evidence simply fails to show Plaintiff's medical condition met or equaled a Listed impairment. (Doc. No. 12 at 6-8.)

Plaintiff also says the ALJ "erroneously failed to properly evaluate [Ms. Cowan's] subjective complaints and apply the *Polaski* factors." (Doc. No. 11 at 11.) I note this argument also ties into her arguments regarding the ALJ's residual functional capacity assessment and his conclusion she could perform light work because the residual functional capacity assessment is largely based on an ALJ's assessment of a claimant's subjective symptoms. (*Id.* at 13-17.)

The ALJ analyzed Ms. Cowan's symptoms in light of Social Security Ruling 16-3p. (Tr. 40-43.) That ruling tracks *Polaski v. Heckler*, 739 F.2d 1320 (8th Cir. 1984), which states:

> The absence of an objective medical basis which supports the degree of severity of subjective complaints alleged is just one factor to be considered in evaluating the credibility of the testimony and complaints. The adjudicator must give full consideration to all of the evidence presented relating to subjective complaints, including the claimant's prior work record, and observations by third parties and treating and examining physicians relating to such matters as:
>
> 1. the claimant's daily activities;
>
> 2. the duration, frequency and intensity of the pain;
>
> 3. precipitating and aggravating factors;
>
> 4. dosage, effectiveness and side effects of medication;

5

> 5. functional restrictions.
>
> The adjudicator is not free to accept or reject the claimant's subjective complaints <u>solely</u> on the basis of personal observations. Subjective complaints may be discounted if there are inconsistencies in the evidence as a whole.

*Polaski v. Heckler*, 739 F.2d at 1322 (emphasis in original).

Although not necessary, the ALJ also made specific reference to *Polaski* in analyzing Ms. Cowan's symptoms. (Tr. 43.) So, I find her argument to be without merit.

Plaintiff clearly suffers from some limitation given the combination of her impairments. And her counsel has done an admirable job advocating for her rights in this case. However, the objective medical records simply fail to support a claim of *complete disability*.

Disability is the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 1382(a)(3)(A). A "'physical or mental impairment' is an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § 1382c(a)(3)(D).

As the ALJ concluded, ". . . the claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely consistent with the medical evidence and other evidence in the record for the reasons explained in this decision." (Tr. 43.) The ALJ's conclusion is supported by the objective medical evidence. For example, as the Commissioner points out in her brief, examinations and diagnostic tests were mostly normal or showed only minor anomalies. (Tr. 408, 566, 557, 649, 944-947.)

Plaintiff had the burden of proving her disability. *E.g., Sykes v. Bowen*, 854 F.2d 284, 285 (8th Cir. 1988). Thus, she bore the responsibility of presenting the strongest case possible.

*Thomas v. Sullivan*, 928 F.2d 255, 260 (8th Cir. 1991). Plaintiff has not met that burden. Ms. Cowan's alleged limitations are simply not supported by the overall record. The ALJ accurately accounted for the limitations supported by the record and correctly concluded Plaintiff could perform a reduced range of light work activities. Accordingly, I find no basis to overturn the ALJ's subjective symptom evaluation or residual functional capacity assessment.

Plaintiff has advanced other arguments which I have considered and find to be without merit. It is not the task of a court to review the evidence and make an independent decision. Neither is it to reverse the decision of the ALJ because there is evidence in the record which contradicts his findings. The test is whether there is substantial evidence on the record as a whole which supports the decision of the ALJ. *E.g., Mapes v. Chater*, 82 F.3d 259, 262 (8th Cir. 1996); *Pratt v. Sullivan*, 956 F.2d 830, 833 (8th Cir. 1992).

I have reviewed the entire record, including the briefs, the ALJ's decision, the transcript of the hearing, and the medical and other evidence. There is ample evidence on the record as a whole that "a reasonable mind might accept as adequate to support [the] conclusion" of the ALJ in this case. *Richardson v. Perales*, 402 U.S. at 401; *see also Reutter ex rel. Reutter v. Barnhart*, 372 F.3d 946, 950 (8th Cir. 2004). The Commissioner's decision is not based on legal error.

IT IS, THEREFORE, RECOMMENDED that the final decision of the Commissioner be affirmed, and that Plaintiff's Complaint be dismissed with prejudice.

DATED this 26th day of April 2019.

                                                          JOE J. VOLPE
                                                          UNITED STATES MAGISTRATE JUDGE